IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

BARBARA L. JARVIS,                    *

    Plaintiff,                        *

vs.                                   *

                                        CASE NO. 3:22-CV-71 (CDL)

ALLSTATE PROPERTY & CASUALTY          *
INSURANCE COMPANY,
                                      *
    Defendant.                        *
_____       *

## O R D E R

This action arises from an insurance dispute. The question presently before the Court is whether it should remain in this federal forum. Because Defendant waited more than a year to remove this action from state court to this Court even though it could have determined with the exercise of reasonable diligence during that one-year period whether federal jurisdiction existed, this action must be remanded. Plaintiff's motion to remand (ECF No. 5) is accordingly granted.

The present record establishes the following. Barbara Jarvis alleged in her complaint that she was insured with Allstate Property & Casualty Insurance Company, that she experienced a covered loss under the policy, and that Allstate breached the policy by failing to pay her claim. She did not specify an amount of damages. Jarvis filed her action in the Superior Court of Walton County on December 18, 2019 and served

it on Allstate on December 26, 2019.  About two and a half years later, Allstate filed a notice of removal, asserting that diversity jurisdiction exists.  Jarvis timely filed a motion to remand, asserting that Allstate's removal was too late.

Allstate removed this action under 28 U.S.C. § 1446(b)(3), which provides that if a "case stated by the initial pleading is not removable," it may be removed once the defendant receives a "motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  A case may not be removed under § 1446(b)(3) based on diversity jurisdiction "more than 1 year after commencement of the action, though, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c).  Allstate, which has the burden to prove that removal jurisdiction exists, argues that Jarvis engaged in bad faith by "waiting" to reveal that the amount in controversy exceeds $75,000.  Def.'s Resp. to Pl.'s Mot. to Remand 11, ECF No. 6.  But the present record does not support this allegation of bad faith.

The roof on Jarvis's home was damaged by a storm in early August 2018.  Her husband obtained an estimate to replace the roof on August 20, 2018 in the amount of $43,678.26.  In support of her insurance claim, Jarvis submitted the estimate to

2

Allstate.   Although it is undisputed that this written estimate
was provided to Allstate in a timely manner before the lawsuit
was filed, Jarvis mistakenly stated in her February 2020
interrogatory responses that there was no inspection of the
house except by "Allstate's representatives and agents who
inspected the house after the claim was made" and that Allstate
had "all of the information from Allstate's Representatives and
Agents."   Notice of Removal Ex. A-3, Pl.'s Resp. to Def.'s 1st
Interrogs. ¶ 2, ECF No. 1-1 at 14.   Jarvis also stated in her
responses to Allstate's document requests that there were no
repair estimates relating to her property.   This response was
inaccurate, and Allstate should have known of its inaccuracy
because it is undisputed that an estimate had been provided
prior to the initiation of the lawsuit.   Nevertheless, Allstate
apparently never sought to compel complete responses to its
written discovery requests regarding damages.   Counsel for
Allstate did inquire about repair estimates during the January
2021 depositions of Jarvis and her husband.   Jarvis did not
remember getting an estimate in 2018, but her husband did.   He
testified that he received the August 2018 estimate for
$43,678.26 and that he had not gotten a second opinion.

More than a year after those depositions, in April 2022,
the Superior Court of Walton County placed the action on a trial
calendar.   As part of the pretrial preparation, Jarvis's counsel

emailed Allstate's counsel to state that Jarvis had received a
new updated estimate for the necessary repairs. Jarvis
supplemented her written discovery responses to provide Allstate
with a recent repair estimate from the roofing company. That
estimate, dated June 8, 2022, is for $79,988.48. Jarvis also
provided an estimate for $8,946.57 to repair interior damages.

Allstate now complains that the amount in controversy more
than doubled between August 2018 and June 2022. Allstate argues
that Jarvis deliberately withheld the true amount in controversy
during the one-year removal period. The present record does not
support this speculation. It is equally plausible that the
costs included in the original estimate simply increased during
the pendency of the litigation or that the second estimator had
a different opinion than the first estimator. The Court finds
that Allstate has failed to carry its burden to establish that
Jarvis acted in bad faith to prevent Allstate from ascertaining
the true amount in controversy during the one-year removal
period. Allstate's adjusters had the opportunity to inspect the
property and evaluate whether the damages arguably exceeded
$75,000. There is simply no evidence in the present record to
suggest that Allstate was prevented from ascertaining the
potential amount of loss either before this lawsuit was filed or
during the first year that it was pending. Absent bad faith on
the part of Jarvis, Allstate had one year to remove the action

to this Court.  It failed to do so, and thus Allstate's removal was untimely under § 1446(c).

CONCLUSION

For the reasons set forth above, Jarvis's motion to remand (ECF No. 5) is granted.  This action is hereby remanded to the Superior Court of Walton County.  The Court finds that Allstate should be required to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" under 28 U.S.C. § 1447(c).  To recover those costs and expenses, Jarvis shall file a motion for those costs and expenses within twenty-one days of today's order with evidence supporting the amount sought.  Allstate shall have twenty-one days to respond to any such motion.

IT IS SO ORDERED, this 6th day of October, 2022.

S/Clay D. Land

CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA